UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STONEY GLENN,
    Plaintiff,

vs.                                          Case No.: 3:20cv5688/LAC/EMT

A. POWELL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon referral from the clerk. Plaintiff, an inmate proceeding pro se, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed in forma pauperis (IFP) (ECF Nos. 1, 2). On August 3, 2020, the undersigned entered an order noting Plaintiff failed to provide the requisite supporting documentation for the IFP motion—specifically, a Prisoner Consent Form and Financial Certificate completed and signed by an authorized prison official and an attached inmate account statement reflecting the activity in his inmate account for the preceding six-month period (ECF No. 5). The undersigned also noted Plaintiff's claims appear to be barred by the applicable statute of limitations (*id.*). The undersigned directed the clerk of court to send Plaintiff the forms needed for filing an IFP motion and amended complaint and allowed Plaintiff thirty days in which to either pay the $400 filing or file a

Case No.: 3:20cv5688/LAC/EMT

complete IFP motion with supporting documentation and file either a notice of voluntary dismissal or an amended complaint (*id.*). The undersigned advised that failure to comply with the order would result in a recommendation that the case be dismissed (*id.*).

After Plaintiff failed to comply within the time allowed, the undersigned entered an order on September 8, 2020, directing Plaintiff to show cause, within thirty days, why the case should not be dismissed for failure to comply with an order of the court (ECF No. 6). The undersigned again advised that failure to comply with the order would result in a recommendation that the case be dismissed (*id.*). Plaintiff did not timely comply. The undersigned thus entered a Report and Recommendation on October 14, 2020, recommending that the case be dismissed for failure to comply with an order of the court (ECF No. 7). On November 12, 2020, however, Plaintiff filed an amended complaint (ECF No. 8). According to the amended complaint, Plaintiff was transferred to another correctional facility (*see id.* at 2), and it was not clear whether Plaintiff had received the court's orders and Report and Recommendation.

The undersigned thus entered an order on November 25, 2020, vacating the Report and Recommendation and allowing Plaintiff until December 24 to either pay the filing fee or submit a complete IFP motion (ECF No. 9). The undersigned again

advised that failure to comply with the order would result in a recommendation that the case be dismissed (*id.*).  Plaintiff failed to timely comply.  The undersigned thus entered an order directing Plaintiff to show cause, within thirty days, why the case should not be dismissed for failure to comply with an order of the court (ECF No. 10).  Once again, the undersigned advised that failure to comply with the order would result in a recommendation that the case be dismissed (*id.*).  More than thirty days have passed, and Plaintiff has not complied.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

At Pensacola, Florida, this 8th day of February 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**